IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00064-GPG

PAUL ROMERO,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
RICH RAEMICH, Executive Director, CDOC,
JOSHUA SULLIVAN, Case Manager, Delta Correctional Center,
FRED PAULSON, Nurse Practitioner, Delta Correctional Center,
ROY HAVENS, Nurse Practitioner, Territorial Correctional Facility,
CHRISTINE STURGEON, Nurse Practitioner, Buena Vista Correctional Complex,
DR. BUGLEWITZ, Medical Doctor, Buena Vista Correctional Complex,
ANTHONY MARTINEZ, Chief Medical Officer, Colorado Department of Corrections,
SUSAN TIONA, Medical Doctor, Territorial Correctional Facility,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Paul Romero, is a prisoner at the Buena Vista Correctional Complex.   Mr.

Romero initiated this action on January 11, 2016 by filing *pro se* a Prisoner Complaint

(ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 (ECF No. 3).   Mr. Romero asserts federal constitutional claims pursuant to

42 U.S.C. § 1983.   He does not specify what he is seeking as relief.   He has been

granted leave to proceed *in forma pauperis*. (ECF No. 4).

The court must construe the amended complaint liberally because Mr. Romero is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall

v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.   Mr. Romero will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.   The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).   Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."   Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.   Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Romero asserts three claims for relief in the Prisoner Complaint.   His first claim alleges that Defendants Colorado Department of Corrections and Havens were deliberately indifferent to his serious medical needs.   In support of claim one, he alleges that he had been complaining of numbness in his left leg and pelvic area.   He was seen

by Defendant Havens, who is a Nurse Practitioner at Buena Vista Correctional Complex (BVCC), on September 2, 2010, after he received an x-ray of his back.   Defendant Havens claimed that it was "a subluxation of L3, L4 and some degenerative disc disease." Later, another physician ordered an MRI, but that order was denied by the CDOC. Plaintiff alleges that there was no adequate follow up to his pain until he had a medical emergency that required him to go to the hospital.   By that time "the damaged [sic] had been done."

Mr. Romero's second claim alleges a violation of due process based on him not being transferred to community corrections.   He alleges that after he had to declare a medical emergency, he discovered that his Case Manager, Defendant Joshua Sullivan, had terminated Plaintiff's application for Community Corrections and he was told that he would be transferred out of Delta Correctional Center.   According to Plaintiff, Defendant Sullivan said, "the DOC could not sent [sic] an offender to community corrections hurt."

Finally, Mr. Romero's third claim is for "medical indifference."   In support of this claim, Plaintiff alleges that the CDOC chose not to address the Plaintiff's complaints of numbness in his pelvic region and down his left leg.   The continued delay in Plaintiff receiving adequate medical attention for the numbness aggravated the medical problem. He had to have back surgery to correct the problem.   He began complaining of numbness in 2010 and finally received surgery in 2015.   Additionally, Plaintiff's surgeon ordered that Plaintiff have physical therapy.   Instead of providing physical therapy, the CDOC told Plaintiff he could do his own physical therapy in the gym.   The Court construes this third claim as related to Plaintiff's first claim of an Eighth Amendment

deliberate indifference to medical needs because "the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

With respect to the constitutional claims against Defendants in their individual capacities, the court emphasizes that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.* , 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

To the extent Mr. Romero is suing the Colorado Department of Corrections and the Defendants in their official capacities, he fails to allege facts that would support an arguable claim for relief. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, to the extent Mr. Romero is asserting claims against the CDOC and Defendants in their official capacities, the

claims must be construed as claims against the State of Colorado.    However, Mr.

Romero's claims for damages against the State of Colorado are barred by the Eleventh

Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Mr. Romero's Eighth Amendment deliberate indifference to his medical needs

claim is deficient because Mr. Romero does not specify against which Defendant or

Defendants he is asserting his claim and he fails to allege specific facts that demonstrate

his constitutional rights have been violated.    In order to state an arguable Eighth

Amendment claim, Mr. Romero must allege facts that demonstrate deliberate indifference

to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).    "A claim

of deliberate indifference includes both an objective and a subjective component."

*Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).    "A medical need is

considered sufficiently serious to satisfy the objective prong if the condition has been

diagnosed by a physician as mandating treatment or is so obvious that even a lay person

would easily recognize the necessity for a doctor's attention."    *Id.* at 1192-93 (internal

quotation marks omitted).    To the extent Mr. Romero's Eighth Amendment claims are

premised on a delay in providing adequate medical care, he must allege specific facts

that demonstrate the delay resulted in substantial harm. *See id.* at 1193.    "[T]he

substantial harm caused by a delay in treatment may be a permanent physical injury, or it

may be an intermediate injury, such as the pain experienced while waiting for treatment

and analgesics." *Id.* (internal quotation marks omitted).    Under the subjective prong, 'a

prison official may be held liable . . . only if he knows that inmates face a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to abate it."

*Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Mr. Romero is advised that, in order to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   In the complaint, Plaintiff lists numerous defendants in the caption but fails to identify how each one violated his constitutional rights.   The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Mr. Romero will be ordered to file an amended complaint that clarifies the claims he is asserting and against which defendants.     Accordingly, it is

ORDERED that Mr. Romero file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Romero shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form to file his amended complaint.   It is

FURTHER ORDERED that, if Mr. Romero fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 4, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge